# Laukhuff's Estate.

*Wills—Probate—Appeal from register—Leave of orphans' court—Act of March 15, 1832, sec. 31, P. L. 135.*

Under the Act of March 15, 1832, sec. 31, P. L. 135, an appeal from an order of the register of wills revoking letters of administration, is a matter of right, and it is not necessary to secure the allowance of the orphans' court to bring such an appeal.

After the case is brought into the orphans' court by appeal without special allowance, the proper practice is for the appellant to present a petition to the court setting forth the facts of the case, upon which citation will be granted on the parties interested to show cause why the appeal should not be sustained and the decision complained of set aside.

It is immaterial that the paper filed as an appeal does not by its caption certify that the case is in the orphans' court, where the record of the docket entries shows that such an appeal was filed.

Argued Nov. 13, 1906.  Appeal, No. 4, Oct. T., 1906, by plaintiff, from decree of O. C. Lancaster Co., Oct. T., 1905, No. 56, quashing appeal from Register of Wills in case of William Rock v. Carrie Laukhuff MacIntosh.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Reversed.

Appeal from register of wills.  Before SMITH, P. J.

The appeal was in the following form :·

"APPEAL.

"In the Estate of ANDREW LAUKHUFF, deceased, late of Salisbury Township Lancaster County, Penna.   }   Oct. Term, 1905.  No. 56.

"To Benjamin Wissler, Esq., Register of Wills of said County:

"I, William Rock, to whom Letters of Administration were granted by you, in the estate of said Andrew Laukhuff, deceased, on the 12th day of October, A. D. 1905, hereby take an appeal to the orphans' court of Lancaster county, from your order, judgment or decree, revoking the granting of letters to me and issuing letters thereon to Carrie Laukhuff MacIntosh.

"WILLIAM ROCK."

The facts appear by the opinion of the Superior Court.

*Error assigned* was decree quashing appeal.

*B. F. Davis*, for appellant.

*Charles W. Eaby*, for appellee.

OPINION BY HENDERSON, J., February 25, 1907 :

The appellant was duly appointed administrator of the estate of Andrew Laukhuff, deceased.  Afterwards on the application of the appellee the letters of administration were revoked and new letters issued.  From the order of removal Rock appealed to the orphans' court.  This appeal was quashed by the orphans' court for the reason that it was not taken in accordance with section 1 of rule 5 of the rules of that court. The only question presented now is whether an effective appeal

was taken to the orphans' court by the appellant. Section 31 of the act of March 15, 1832, P. L. 135 gives an appeal from all the judicial acts and decisions of the several registers of wills. Since the abolition of registers' courts the appeal is directly to the orphans' court. The rule of court referred to has apparent application to cases in which appeals may be had on cause shown. It provides for a citation on the adverse parties to show cause why an appeal should not be allowed, and implies a discretion in the court after hearing to refuse an appeal. It does not regulate the practice in disposing of appeals, but provides for a preliminary inquiry whether an appeal shall be granted or not. So far as it confers upon the orphans' court a discretion to determine whether an appeal shall be allowed it is inconsistent with the section of the act of 1832 above referred to. It cannot be successfully contended that the rule as applied to cases of this class is in aid of the expeditious administration of justice, for it would be a vain thing for the court to engage in the investigation of the propriety of allowing an appeal when no statutory duty was imposed to make such inquiry and when it was powerless to refuse it. The register of wills is a judicial officer and his final decisions under the statute investing him with official functions are subject to appeal. The appeal was taken in conformity to the statute and in an approved form: 3 Brewster's Pr., secs. 4118–4119. The question presented by the appeal was one of law which the orphans' court could only dispose of after a hearing according to the practice in that court. After the case is brought into the orphans' court a proper practice is for the appellant to present a petition to the court setting forth the facts in the case, upon which a citation will be granted on the parties interested to show cause why the appeal should not be sustained and the decision complained of set aside: 3 Brewster's Pr., sec. 4126. An issue is thus presented for the determination of the court as a question of law or fact as the case may be. The learned judge of the orphans' court in disposing of the motion to quash proceeded upon the theory that the appellant was only entitled to appeal when allowed by the orphans' court for cause shown. As the appellant had a right to have the question raised in the orphans' court whether he was lawfully removed as administrator it was not necessary

that he should have the consent of the orphans' court to bring that question there for determination. The exercise of discretion by the court in deciding whether an issue shall be framed is not involved in the case. At the time the decree of the orphans' court was made the case had not proceeded to the point where the court was called upon to determine whether an issue should be granted. The appellant should have been permitted to file a petition calling upon the appellee to answer his complaint. Comment is made by the orphans' court on the fact that the paper filed does not certify by its caption that the case is in the orphans' court. This is purely a matter of form, however, and not essential to the determination of the rights of the parties. The record of docket entries shows that the appeal was filed in the orphans' court November 4, 1905. Section 43 of the act of 1832 provides that no immaterial variation from the form prescribed in this act shall vitiate or render void any proceeding in which said forms shall be used. The intention of the legislature was that where a case was clearly and substantially presented technical objections to form should not prevail. We are not called upon to consider a large part of the appellant's argument, which relates to the merits of his case. That is a question for the orphans' court. In the light of Riegel's Appeal, 17 W. N. C. 279, he may have difficulty in showing that an error was committed.

The decree is reversed and a procedendo awarded.