# North Mountain Water Supply Company *v.* Troxell, Appellant.

*Appeals—Assignments of error—Defective assignments—Preliminary injunction—Failure to set out decree—Failure to print docket entries—Paper-book.*

1. Assignments of error are part of the pleadings in an appellate court, and they must be complete within themselves, disclosing the cause of the alleged error. They take the place of a statement of the cause of action in the trial court, and if they do not embody or contain sufficient averments or show that the appellant has a cause of action they are insufficient and must be disregarded. There must be an issue framed by the pleadings in the appellate court as well as in the trial court, so that the record will disclose what has been decided by the judgment of the court.

2. On an appeal from a decree awarding a preliminary injunction, the appellant must incorporate in his assignments of error the decree awarding the preliminary injunction. An assignment which merely avers that "the court erred in granting the preliminary injunction," is insufficient.

3. It is a palpable violation of the rules of the Supreme Court for the appellant to fail to print in his paper-book the decree from which the appeal was taken, and a literal copy of the docket entries as they appear on the record of the court below.


Argued Nov. 2, 1908. Appeal, No. 286, Jan. T., 1908, by defendants, from decree of C. P. Luzerne Co., Oct. T., 1908, No. 23, granting preliminary injunction in case of North Mountain Water Supply Company v. E. R. Troxell and Rosa Troxell. Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter and Elkin, JJ. Affirmed.

Bill in equity for an injunction. Before Fuller, J.

The court granted a preliminary injunction which it subsequently continued.

*Errors assigned* were in the following form:

1. The court erred in granting the preliminary injunction, because it is mandatory.

2. The court erred in granting the preliminary injunction,

because the property of the defendants can only be taken by the exercise of the power of eminent domain.

*J. B. Woodward*, of *Wheaton, Darling & Woodward*, with him *W. S. McLean*, for appellants.

*George R. Bedford*, with him *Paul Bedford* and *Henry W. Palmer*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 4, 1909:

From the appellants' history of the case, we learn that the appellee presented a bill with accompanying affidavits to the court below on September 19, 1908, and thereupon the court granted a special or preliminary injunction; that a hearing was had three days after the special injunction was granted, and five days thereafter the court continued the injunction. In the appendix to the appellants' paper-book are printed an answer and an amended answer to the appellee's bill. The jurat is dated September 22, 1908, but there is nothing in the paper-book to show when the answers were filed. It appears that testimony was taken by both parties before the court on September 22, 1908. Thereafter, on September 28, 1908, after the answers had been filed, testimony had been taken and the parties had been heard, the court continued the special or preliminary injunction, imposing certain conditions on the appellee.

This is an appeal taken under the Act of February 14, 1866, P. L. 28, 2 Purd. (13th ed.) 1424, which authorizes an appeal from the granting of a special injunction and directs that it shall be heard by the Supreme Court in any district in which it may be in session. The defendants have taken the appeal and have printed two assignments of error as follows: First. The court erred in granting the preliminary injunction, because it is mandatory. Second. The court erred in granting the preliminary injunction, because the property of the defendants can only be taken by the exercise of the power of eminent domain.

The assignments of error are wholly insufficient and cannot be considered or sustained. They fail to set out the decree from which the appeal was taken and in which it is claimed there is

error. They allege error in granting a preliminary injunction, and assign as a reason that it is mandatory. How is this court to determine whether the preliminary injunction was erroneous, or whether it was mandatory, unless the decree awarding it is set forth in the assignment so that the court may see and examine it? Assignments of error are part of the pleadings in an appellate court, and they must be complete within themselves, disclosing the cause of the alleged error. They take the place of a statement of the cause of action in the trial court, and if they do not embody or contain sufficient averments or show that the appellants have a cause of action they are insufficient and must be disregarded. There must be an issue framed by the pleadings in this court as well as in the trial court, so that the record will disclose what has been decided by the judgment of the court. We have frequently held that for these reasons such assignments of error as are filed in this case are insufficient. Mr. Justice STERRETT, speaking for the court in Landis v. Evans, 113 Pa. 332, said (p. 335): "As has been repeatedly said, the assignments of error are an essential part of the pleadings in this court, and as such should be so complete in themselves as not to require reference to other parts of the record. When the case is disposed of and the record returned to the court below, the præcipe, assignments of error and plea thereto are all the papers that usually remain of record in this court, as the basis of our judgment or decree, as the case may be. It must be obvious, therefore, that each specification of error should, in and of itself, present the question we are called upon to decide." Among the more recent cases to the same effect are Cessna's Estate, 192 Pa. 14, and Arnold v. Russell Car & Snow Plow Company, 212 Pa. 303.

The appellants not only have neglected to incorporate in the assignments of error the decree awarding the special or preliminary injunction, but also have failed to print the decree itself or the injunction issued thereon in any part of their paper-book, and hence we do not have the decree or injunction before us. This is a palpable violation of our rules of court, and prevents us from considering the decree and determining whether or not it is erroneous. It is obvious that without having the decree

before us we cannot pass upon its validity. As observed above, and as appears from the assignments, the appeal is from the special or preliminary injunction and not from the subsequent continuance of that injunction after answer filed, testimony taken, and a hearing by the court. The appellants have printed the subsequent decree, the testimony and the answers of the defendants, but have not printed the decree from which this appeal was taken. If, therefore, we could overlook the defect in the assignments, we could not determine whether the decree awarding the special injunction was correct as it is not before us as a part of the record.

The appellants' paper-book was evidently prepared in haste, and without due regard to the rules of court. Rule 25 of this court requires the appellant to print in his paper-book the docket entries in the court below and the decree made by that court. As observed above, the decree from which this appeal is taken is not printed in any part of the paper-book, and the appellants have failed to print the docket entries. The court regards it as essential and necessary in the consideration of the case. We have distinctly said that the appellants' paper-book must contain a literal copy of the docket entries as they appear upon the record of the court below: Bristor v. Tasker, 135 Pa. 110; Trescott v. Co-operative Building Bank of New York, 212 Pa. 47. We are compelled in this case to rely upon the history of the case for matters which would have been disclosed by the docket entries if they had been printed.

The assignments of error are overruled, and the decree of the court below awarding a special or preliminary injunction is affirmed.