# Laukhuff's Estate.

*Rules of court—Procedure—Pending litigation—Orphans' court—Con-struction of rules.*

1. A rule of court which relates only to procedure and in no way affects rights of the parties, is applicable to future procedure in pending litigation.

2. On a question of the construction or application of its own rules, a court can be reversed only for manifest and material error.

*Orphans' court practice—Register of wills—Appeals—Petition for cita-tion—Rules of court—Procedure—Pending litigation.*

3. A rule of the orphans' court, which provides that after an appeal has been taken from the register of wills, the appellant shall file in the orphans' court a petition for citation setting forth the facts and cir-cumstances of the case, applies to an appeal pending at the time of the adoption of the rule; and if the appellant has had sufficient time and opportunity to comply with the rule, and has failed to do so, his appeal will be dismissed.

Argued Nov. 11, 1908.   Appeal, No. 223, Oct. T., 1907, by William Rock, from decree of O. C. Lancaster Co., Oct. T., 1905, No. 56, dismissing appeal from decision of Register of Wills in Estate of Andrew Laukhuff, deceased.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Appeal from register of wills.   Before SMITH, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was the decree of the court dismissing the appeal.

*B. F. Davis*, for appellant.

*Chas. W. Eaby*, for appellee.

OPINION BY RICE, P. J., April 12, 1909:
This appeal of William Rock is from a decree of the orphans' court dismissing his appeal from the decision of the register of

wills revoking letters of administration granted to him and granting letters to Carrie Laukhuff McIntosh. There was an appeal by the same appellant from a former decree of the orphans' court quashing his appeal from the register, which resulted in a decree of this court, affirmed by the Supreme Court, reversing the decree of the orphans' court and remitting the case with a procedendo. For a more detailed statement of the prior proceedings and the grounds of our former decree we refer to Laukhuff's Est., 32 Pa. Superior Ct. 538; s. c., 218 Pa. 585. After our decision, but, according to the date given in the appellee's paper-book, before the decision by the Supreme Court, the orphans' court adopted a rule, which, so far as material here, reads as follows: "In all cases where any party in interest shall take an appeal from a judicial act or decision of the register, the appellant shall present a petition to the court, setting forth what has been done and the facts and circumstances upon which he relies; whereupon, if such facts and circumstances appear to be prima facie sufficient, a citation will be granted on all parties interested (whose names must be set forth in the petition) to show cause why the said appeal should not be sustained, and the judicial act or decision complained of set aside." The docket entries show that on September 16, 1907, the appeal from the register was ordered on the argument list, and on October 10, 1907, was argued; but the record fails to show what occurred on the hearing, or what evidence, if any, was offered or that the appellant had complied with the rule of court by presenting a petition to the orphans' court and causing a citation to be issued and served. There was, it is true, attached to the paper addressed to the register, appealing from his decision to the orphans' court, an affidavit setting forth some of the facts upon which the appellant relied to sustain his complaint against the decision of the register, but this, it is apparent, was not a strict compliance with the rule. For this reason, and also because no bond had been given as specified in the Act of June 6, 1887, P. L. 359, the court dismissed the appeal. We held in the former case that an appeal from the register in such a case as this is of right, and that it is not necessary to secure the allowance of the orphans' court, as seemed to be required by the rule of that

court then in force. But we said in the same case that after the case is brought into the orphans' court, a proper practice is for the appellant to present a petition to the court setting forth the facts in the case, upon which a citation will be granted on the parties interested to show cause why the appeal should not be sustained and the decision complained of set aside; an issue is thus presented for the determination of the court as a question of law or fact as the case may be. The rule of court under consideration is in accordance with the principle of orderly procedure above indicated, and is so plainly reasonable, and within the power of the orphans' court to adopt, as not to require discussion of those points. Even if it be conceded that the rule required the appellant to do something in order to bring the case to hearing in an orderly way, which he would not have been compelled to do by the statute if the rule had not been made, it does not necessarily follow that it is in contravention of law: Standard Underground Cable Co. v. Johnstown Telephone Co., 26 Pa. Superior Ct. 432, 435. Nor can we see that there is any substantial doubt of its applicability to this case. True, the appeal was pending at the time the rule was adopted, but judging from the docket entries, which with the opinion of the learned judge below, are all we find in the record to guide us, the appellant had ample time and opportunity to have complied with the rule between the date of the decision of the Supreme Court and the date when the appeal came on for argument. No reason for his not complying with it is discernible upon an inspection of the record and proceedings. The appellant cannot say, as matter of law, that the rule is applicable only in appeals taken after its adoption. It relates only to procedure and in no way affected the rights of the parties, and therefore was applicable to future procedure in the pending litigation: Kille v. Reading Iron Works, 134 Pa. 225; Lane v. White, 140 Pa. 99; Krause v. Penna. R. R. Co., 4 Pa. C. C. Rep. 60, and cases cited by JUDGE ARNOLD at page 63. This distinguishing principle has been recognized in the construction of legislation, and the court below ought not to be convicted of error in holding it applicable in the construction of its own rule. On a question of the construction or application

of its own rules a court can be reversed only for manifest and material error: Webster v. Monongahela, etc., Coal & Coke Co., 201 Pa. 278; Trescott v. Co-operative Building Bank, 212 Pa. 47; Kunkle's Estate, 21 Pa. Superior Ct. 200, and cases cited on page 205. Upon a full consideration of the question of practice, we conclude that the court committed no error in dismissing the appeal because its rule had not been complied with.

The decree is affirmed at the costs of the appellant.