## Malin, Appellant, *v.* James.

*Appeals—Assignment of error—Practice—Record.*

1. The assignments of error filed in the Supreme Court are an essential part of the pleadings and disclose the issues upon which the court must pass and to which it is confined. Questions not raised by the assignments, which might have been raised upon the record, will not be passed upon.

2. An appeal in which the errors assigned are the refusal of the court to grant a new trial or to enter judgment for plaintiff non obstante veredicto in a proceeding under the Act of April 20, 1905, P. L. 239, to obtain possession of real estate purchased at sheriff's sale, cannot be sustained where it appears that upon the trial of the issue and at the close of the plaintiff's case the court, on motion of the defendant and under plaintiff's exception, struck out all of the plaintiff's testimony and directed the jury to find a verdict for the defendants, which action was not assigned as error upon the appeal.

Argued Feb. 10, 1914. Appeal, No. 358, Jan. T., 1913, by plaintiffs, from judgment of C. P. Delaware Co., March T., 1902, No. 35, for defendant by direction in case of Levi Malin and Isaac Johnson, Administrators of the Estate of Paschall Malin, Deceased, v. Alfred James and Anna C. James. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Issue framed under citation for possession of real estate after sheriff's sale under the Act of April 20, 1905, P. L. 239. Before BROOMALL, J.

The opinion of the Supreme Court states the case.

*Error assigned* was in discharging motion for new trial and refusing to enter judgment for plaintiff non obstante veredicto.

*George T. Butler,* with him *William Taylor,* and *Isaac E. Johnson,* for appellants.

Oliver B. Dickinson, with him Frank G. Perrin, and Garrett E. Smedley, for appellees.

OPINION BY MR. JUSTICE MESTREZAT, March 2, 1914:

This is a proceeding instituted by the plaintiffs under the Act of April 20, 1905, P. L. 239, to obtain possession of certain real estate which they purchased at sheriff's sale. They presented a petition to the court below setting forth, inter alia, that they were the owners in fee of a certain tract of land to which they acquired title by a sheriff's deed, dated March 29, 1909, and which was sold on a writ of vend. ex. on a judgment recovered against Alfred James and Anna C. James; that the land was in the possession of Alfred and Anna C. James as whose property the same was sold who had been duly notified to surrender possession which they declined to do; and prayed for a citation under the provisions of the Act of 1905. The citation was issued and the defendants made answer, inter alia, denying that the plaintiffs had acquired title by virtue of the sheriff's sale and deed, and prayed for a trial by jury. An issue was framed on which the parties went to trial.

The plaintiffs put in evidence a judgment obtained against Maurice James, the father of the defendants, entered on a judgment note April 1, 1887, in favor of Paschall Malin. This was followed by an amicable scire facias to revive the judgment against Maurice James, defendant, and Alfred James and Anna C. James, et al., heirs, devisees and terre tenants, on which judgment of revival was entered March 11, 1897. A scire facias to revive the lien of the judgment et quare executionem non was issued on March 11, 1902, against the same parties, and service was had on the terre tenants but not on Maurice James or his personal representatives. Judgment was entered on the scire facias on March 17, 1904. A fieri facias and alias fieri facias on the judgment were issued and also a vend. ex. on which the property was sold and purchased by the plaintiffs.

The plaintiffs also put in evidence the sheriff's deed dated March 29, 1909, conveying the property to them. It appeared that Maurice James died on November 15, 1887. Paschall Malin died and his administrators were substituted as plaintiffs. Having offered this evidence the plaintiffs rested. The defendants moved to strike out the testimony as offered by the plaintiffs, "so far as the judgment, the execution, the fieri facias and vend. ex., both original and alias, the sheriff's return to the sale and the sheriff's deed, as irrelevant, because inconsequential" for the reasons stated in the motion. The defendants also moved the court for binding instructions in their favor. The court sustained both motions, struck out the plaintiffs' testimony and directed the jury to find a verdict for defendants. An exception was noted and bill sealed for the plaintiffs. Judgment having been entered on the verdict, the plaintiffs have taken this appeal.

The plaintiffs assign as error the refusal of the court (a) to grant a new trial and (b) to enter judgment in favor of the plaintiffs non obstante veredicto. It is obvious that neither of these assignments can be sustained. It was certainly not error to refuse a new trial when all the evidence offered by the plaintiffs had been stricken out and there was no evidence to sustain a verdict in their favor. For a like reason, it is clear that judgment non obstante veredicto could not be entered in favor of the plaintiffs as there was no evidence in the record to support it. The assignments of error filed in this court are an essential part of the pleadings and disclose the issues upon which we must pass and to which we are confined. We are not at liberty to pass upon any questions not raised by the assignments, or deal with other questions that might have been raised on the record. As said in Landis v. Evans, 113 Pa. 332-335: "It must be obvious that each specification of error should, in and of itself, present the question we are called upon to decide." The præcipe, assignments of

error and plea thereto are all the papers that usually remain of record in this court, as the basis of our judgment or decree, as the case may be, when the case is disposed of and the record remitted to the court below: No. Mountain Water Supply Co. v. Troxell, 223 Pa. 315, and our judgment should disclose that we adjudicate only the questions raised by the pleadings on the record. As suggested above, the only question raised by the assignments is the correctness of the action of the court below in refusing a new trial and in declining to enter judgment non obstante veredicto in favor of the plaintiffs. The court was clearly right, as we have pointed out, because as the record stood at the time the court gave binding instructions for the defendant, there was no evidence whatever to sustain a verdict for the plaintiffs.

If the appellants desired to raise the questions they argue in their printed brief, they should have assigned as error the action of the court in sustaining the appellees' motion to strike out their testimony. This would have raised the issues suggested in their printed brief, and would have given the court an opportunity to determine the questions. They excepted to the court's order striking out the evidence, which raised a question of law, but they have not assigned it as error. We must confine our adjudication to the questions raised by the assignments.

The judgment is affirmed.