## Schuylkill Railway Co., Appellant, *v.* Public Service Commission et al.

*Practice, Supreme Court—Assignments of error—Defective assignments—Quashing appeal.*

1. An appeal from an order of the Superior Court affirming an order of the Public Service Commission, will be quashed, where none of the assignments disclose what was the order of the commission.

2. Assignments of error are an essential part of the pleadings in an appellate court, and as such, should be so complete in themselves as not to require reference to other parts of the record.

Argued October 6, 1919. Appeal, No. 61, Jan. T., 1920, by plaintiff, from order of Superior Court, Oct. T., 1918, No. 236, affirming order of Public Service Commission in case of Schuylkill Railway Company v. Public Service Commission of the Commonwealth of Pennsylvania and the Lehigh Valley Railroad Company. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Appeal quashed.

Appeal from order of the Superior Court.

See Schuylkill Railway Co. v. Public Service Commission, 71 Pa. Superior Ct. 204.

The Superior Court affirmed the order of the Public Service Commission. The petitioner appealed.

*Errors assigned* were in the following form:

1. The Superior Court erred in dismissing the appeal of the Schuylkill Railway Company.

2. The Superior Court erred in affirming the order of the Public Service Commission.

3. The Superior Court erred in not sustaining the appeal of the Schuylkill Railway Company.

4. The Superior Court erred in refusing to reverse the order of the Public Service Commission.

5. The Superior Court erred in holding: "The effect given to the copy of the alleged agreement with the proof necessary to establish its validity were matters for the commission."

6. The Superior Court erred in entering the following order: "The appeal is dismissed and the order of the Public Service Commission is affirmed."

*Arthur L. Shay,* with him *Frederick M. Leonard* and *C. A. Snyder,* for appellant.

*R. W. Barrett* and *E. H. Burgess,* for appellees.

PER CURIAM, October 22, 1919:

This appeal is from an order of the Superior Court affirming an order of the Public Service Commission. What the order of that commission was is not disclosed by any one of the assignments, and all must, therefore, be dismissed. "Assignments of error are part of the pleadings in an appellate court, and they must be complete within themselves, disclosing the cause of the alleged error. They take the place of a statement of the cause of action in the trial court, and if they do not em-

body or contain sufficient averments or show that the appellants have a cause of action they are insufficient and must be disregarded. There must be an issue framed by the pleadings in this court as well as in the trial court, so that the record will disclose what has been decided by the judgment of the court. We have frequently held that for these reasons such assignments of error as are filed in this case are insufficient. Mr. Justice STERRETT, speaking for the court in Landis v. Evans, 113 Pa. 332, said (p. 335) : 'As has been repeatedly said, the assignments of error are an essential part of the pleadings in this court, and as such should be so complete in themselves as not to require reference to other parts of the record. When the case is disposed of and the record returned to the court below, the præcipe, assignments of error and plea thereto are all the papers that usually remain of record in this court, as the basis of our judgment or decree, as the case may be. It must be obvious, therefore, that each specification of error should, in and of itself, present the question we are called upon to decide' ": North Mountain Water Supply Co. v. Troxell, 223 Pa. 315.

Appeal quashed.