Shaw, Appellant, v. Shaw et al.

Argued November 28, 1928.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Paul Reilly,* for appellant.

No printed brief for appellee.

OPINION BY MR. JUSTICE SIMPSON, January 7, 1929:

This is a controversy between two brothers, whom we shall hereinafter call plaintiff and defendant, although the latter is dead and his executors are the respondents. The evidence produced at the trial is very unsatisfactory, perhaps partially owing to the fact of defendant's death and the consequent loss of his testimony and that of all other interested parties, including plaintiff; but sufficient appears to satisfy us that the latter, who is the only appellant, has no just ground of complaint.

Defendant for years carried on the printing business in real estate owned by plaintiff, the business and its assets, during part of the time, apparently belonging to plaintiff.   A number of years after this relationship

was established, defendant filed a bill in equity against plaintiff, to which an answer was filed; but, when a hearing was about to be had, the parties, at the suggestion of the trial judge, effected a settlement and the suit was then discontinued. None of the proceedings therein are printed for our use, although the record of that case was offered in evidence. Two things, however, are clearly established: (1) That the real estate in which the business was carried on was to be, and in fact was, conveyed by plaintiff to a nominee of defendant, who immediately executed a declaration of trust in favor of defendant; and (2) the sum of $10,000 was drawn from a bank account standing in the name of defendant, and was distributed by plaintiff's attorney, $1,500 to himself for his counsel fee in that suit, $2,500 to defendant's counsel for his services therein, and $6,000 to plaintiff personally. Thereafter defendant and his assignees continued in possession of the realty, and carried on the business therein, without, so far as appears, any claim as to either of them being made by plaintiff.

Between four and five years subsequent to the settlement, and after the death of defendant, plaintiff filed the present bill in equity, claiming, inter alia, that the realty was his, notwithstanding the agreement of settlement and his conveyance in accordance therewith, and that defendant's executors were bound to account to him for the profits and assets of the business, including the $10,000, which had been distributed as above stated. In respect to those two items, the court below decided against him, and as to them only he now appeals. His contention is that the decree in his favor should have included them, because, at the time of the settlement of the prior suit, he did not know of the declaration of trust as to the realty, nor that the $10,000, though drawn from a bank account in defendant's name, was in fact money realized from carrying on the printing business.

He offered no proof as to his knowledge on either of these points, and hence, as he had the burden of estab-

lishing his claim, it necessarily fails for want of such evidence. As to the realty, his contention is immaterial for the further reason that, by the agreement of settlement, he was to convey the property to defendant or his nominee, and did so by a deed in.fee simple, thereby, presumably at least, divesting himself of all interest in it. So, too, as to both claims, plaintiff is debarred by his laches; presumptively the prior settlement was an adjustment of all disputes between the parties regarding the realty and the business, and plaintiff, knowing of the facts or of such circumstances as put him upon inquiry, could not remain silent for four or five years, until after the death of his brother, and then successfully ask a court of equity to disturb a status in which, so far as appears, he had acquiesced during all of that time: Patton v. Commonwealth Trust Co., 276 Pa. 95; McGrann v. Allen, 291 Pa. 574. We might add also, that we could rightfully quash the appeal because of plaintiff's failure, without the agreement of appellees, or an order of the court below obtained in the way prescribed by the rules of this court, to print the record of the prior suit in equity: Snyder's Est., 279 Pa. 63.

The decree of the court below is affirmed and the appeal is dismissed at the cost of appellant.