328

447 A.2d 991

**Roslyn LEVIN, Appellant,**

v.

**Richard LEVIN.**

Superior Court of Pennsylvania.

Submitted Jan. 6, 1982.

Filed July 2, 1982.

Allen L. Feingold, Philadelphia, for appellant.

Michael P. Dignazio, Media, for appellee.

Before SPAETH, CAVANAUGH and MONTEMURO, JJ.

MONTEMURO, Judge:

The instant action concerns the denial by the Common Pleas Court of Delaware County of a petition for reconsideration *nunc pro tunc* of a support order. We affirm the lower court's decision.

This court must, in the first instance, protest the condition of the reproduced record as presented; it is not only incomplete under the Rules of Appellate Procedure but appears to contain inaccuracies as well. The lack of reciprocal filings by the appellee has further prejudiced the court's attempt to fully understand the matter presented.

A full exploration of the deficiencies of the record would be unproductive, but this court will outline a few of the more obvious problems.

Pa.R.A.P. 2152 and 2153 demand the reproduction of relevant docket entries. The suggested list of what is considered "relevant" are entries which "indicate briefly but clearly"

(1) The character of the proceedings.

(2) The pleadings or papers upon which the case was tried or heard.

(3) The trial or hearing.

(4) The order or other determination to be reviewed (under Rule 2115(a) the text of the order is to be set forth verbatim after the statement of jurisdiction).

(5) All later proceedings.

(6) All other matters referred to in the statement of questions involved in the argument.

At a minimum, therefore, the reproduced record should have listed accurately such matters as the filing date of the petition for increase of support; the date of the Master's hearing; the date of the order for support; the date of filing of the petition for reconsideration *nunc pro tunc* ; the date of the hearing held on that petition; the notes of testimony; the text of the order of court from which this appeal is taken.

The Table of Contents lacks any subdivision containing docket entries. It does twice list the Petition for Reconsideration *Nunc Pro Tunc*, but instead of the filing date it lists the item as "under cover of" two other dates. Presumably this is a reference to two letters reproduced in the "Brief for Appellant and Record" which are not part of the actual record as submitted by the prothonotary.

An Affidavit of Filing and Service is also reproduced with appellant's brief; this too is lacking in the original docket papers. The content of that affidavit would naturally have been a subject of discussion at the hearing on the petition for reconsideration, but the notes of testimony (never alluded to in the reproduced record) *show that appellant's attorney did not discuss with the judge and opposing counsel any earlier hand delivery of the Petition to the trial judge's chambers* or any earlier mailing of the Petition to opposing counsel.

Rule 2101 requires conformity with the requirements of the Rules as "nearly as the circumstances of the particular case will admit", and when the "defects in the brief or the reproduced record are substantial" this court is empowered to dismiss the action. We are tempted to do so on that ground alone.[1]

However, as the matter does concern the support of children, this court has winnowed out of the original record the following facts: a hearing on a Petition to increase support was held before the Master on April 2, 1981; the Master told both parties of his decision and informed them and their counsel that there were ten days for appeal; the court signed the recommendation into an order of the court on April 3, 1981; the Domestic Relations Office mailed the order ("Effective date of the order" given as 4/2/81) on April 8, 1981; the letter reached counsel's office on a Saturday, April 11, 1981 and was not read until Monday, April 13,

---

1. See e.g. *Darlington v. Reilly*, 375 Pa. 583, 101 A.2d 903 (1954); *Trescott v. Co-operative Building Bank*, 212 Pa. 47, 61 A. 478 (1905); *Snyder's Estate*, 279 Pa. 63, 123 A. 663 (1924); *Shaw v. Shaw*, 295 Pa. 241, 145 A. 75 (1928).

the final day for appeal; a petition for reconsideration *nunc pro tunc* was filed on April 22, 1981, twenty days after the Master's hearing and Recommendation.

The record makes it abundantly clear that local practice of Delaware County has been consistent and was made plain to appellant and her counsel. The trial judge at the hearing stated:

We have never computed the time from the date that you received the copy of the order . . . it may be two or three days later after they get up to me that they are signed.

But the order has been entered as of the day the Master enters it, and that is clearly set forth in the forms which we use. (N.T. 5)

Further, the uncontradicted testimony of the appellee's counsel at the hearing establishes that the Master in fact did fully inform the parties of the ten-day period for filing a petition for reconsideration:

Transcript was made of—the order was made of seventy-six dollars. It was announced to both parties and counsel the date of the hearing, April 2, and both parties and counsel were informed that they had a right of appeal within ten days of that date. (N.T. 7)

The Master's recommendation of April 2, 1981, as signed and submitted for court signature, sets forth the following paragraph:

The Master herewith certifies that the parties and/or their attorneys have been advised that an Order based upon these Recommendations will be presented to the Court for approval and shall be the Order in this case unless either Party files a written Petition to the Court for reconsideration of the findings of the Master *within ten (10) days from the date hereof.* (Emphasis supplied)

We see no merit in appellant's counsel's argument that special dispensation should have been accorded *out-of-county* counsel. Local support rules were, until July of 1981, a factor to which any attorney practicing outside his own

county had to adopt himself. No mystery was made of the Delaware County practice, and appellant had actual notice.

Further, a review of the new Pennsylvania Support Rules, which now create uniformity in this area of the law across the state, show that the Delaware County practice is consistent with the essential elements of the newly adopted statewide rules governing support.

Rule 1910.12(d) provides for hearing before a hearing officer, and the filing of a report by that officer to the court. Rule 1910.12(e) then provides that "within ten days of the conclusion of the hearing", any party may file "exceptions." At 1910.12(f) the court enters its final order after the ten days. At 1910.12(g) the Rule provides that no exceptions may be filed to the final court order.

Delaware County practice provides for hearing before an officer, filing of a recommendation, filing of a petition for reconsideration within ten days of the hearing, and finality of the order of court ten days after the hearing.

The most important deviation between The Delaware County practice and the provision of the new Rules concerns the timing of the signing of the court order. In Delaware County the order customarily was signed any time within a few days of the recommendation but was stated on its face to be "effective" as of the date of the Master's hearing and recommendation. It became final ten days after its "effective" date. In contrast, under Rule 1910.12(f), the court order is not "entered" until after the ten day period. In either case, however, certain rights of appeal are forever forfeited after the ten day period, whether labeled "petition for reconsideration" or "exceptions." Delaware County's variations from the later-implemented state support rules do not affect the basic fairness of the rights provided.

We affirm the lower court's decision to deny the Petition for Reconsideration *Nunc Pro Tunc.*

Order affirmed.

CAVANAUGH, J., concurs in the result.