440

474 A.2d 321

**MANUFACTURERS HANOVER TRUST COMPANY and Kayser-Roth Corporation,**

v.

**Regina KLUTSE and Lawrence Klutse, her husband.**

**Appeal of Lawrence KLUTSE.**

Superior Court of Pennsylvania.

Argued Oct. 20, 1983.

Filed April 6; 1984.

Donald Gordon Scheck, Stroudsburg, for appellant.

William R. Kendall, Pennington, N.J., for appellees.

Before McEWEN, BECK and HOFFMAN, JJ.

McEWEN, Judge:

We here study an appeal from an order which sustained a default judgment entered against appellant and his wife. Appellant argues that the trial court erred when it denied his petition to strike the default judgment.[1] We reverse.

This action in equity was commenced by complaint against appellant and his wife on September 18, 1980. Appellees averred embezzlement on the part of the wife and prayed that certain realty owned by the couple be held in constructive trust for appellees. Appellees further sought a monetary judgment in the amount of $176,000.00 together with interest thereon. When neither appellant nor his wife filed a timely responsive pleading to the complaint, appellees, on February 18, 1981, served them with a notice of intention to take default judgment. Thereafter, on March 3, 1981, the distinguished President Judge James R. Marsh, upon application of counsel for appellant and his wife, entered a Rule upon appellant and his wife to show cause why counsel should not be permitted to withdraw his appearance for them and specifically directed "All proceedings to stay meanwhile". The Rule and Order of supersedeas was not, however, spread upon the docket by the prothonotary until 12:27 p.m. the following day, namely, March 3, 1981. In the interim, at 9:13 a.m. on March 3, 1981, appellees caused the prothonotary to enter a default judgment against appellant and his wife for failure to timely file a responsive pleading to their complaint. Appellant and his wife filed a petition to strike the default judgment but the hearing judge, after the presentation of briefs and oral argument thereon, dismissed the petition to strike the judgment. It is from that order denying his motion to strike that appellant has undertaken this appeal.

1. We note that this Court has jurisdiction over the instant appeal pursuant to Pa.R.A.P., Rule 311, 42 Pa.C.S. Appellant also raises issues concerning his supplemental motion to open judgment but in view of our holding we need not consider nor even refer to those issues.

Appellant asserts that the court was in error when it denied his petition to strike the default judgment. The well established rule for such petitions is that enunciated in *Fleck v. McHugh*, 241 Pa.Super. 307, 361 A.2d 410 (1976):

It is well settled that a motion to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. If the record is self-sustaining, the judgment cannot be stricken.

*Id.*, 241 Pa.Superior Ct. at 311, 361 A.2d at 412. *Accord: Malakoff v. Zambar, Inc.*, 446 Pa. 503, 288 A.2d 819 (1972). The record we study reveals that a default judgment was entered within hours after a stay order was signed by the court but before that order of supersedeas was docketed. We must determine, therefore, whether the order took effect and thereby stayed the proceedings at the moment when it was signed by the hearing court.

Our study of the pronouncements of our Pennsylvania appellate courts failed, as did the careful effort of the learned Judge Marsh, to reveal any expression that might guide our reflection upon this issue. And while Judge Marsh, in humble fashion, concluded otherwise, we are of the view that the efficacy and validity of the order attached at the moment of its execution and that the entry upon the docket by the prothonotary was but a mere clerical task. *See Associated Press v. Cook*, 513 F.2d 1300 (10th Cir., 1975), *citing Zadig v. Aetna Insurance Company*, 42 F.2d 142 (2nd Cir., 1930) and 60 C.J.S. Motions and Orders § 59(1) (1969).[2]

As a result, the instant stay order became effective and valid on March 2, 1981, the date upon which it was signed by Judge Marsh. Consequently, the default judgment entered thereafter is void since it was entered at a time when

2. *See also Levin v. Levin*, 301 Pa.Super. 328, 447 A.2d 991 (1982); 9 Goodrich-Amram 2d, § 3121(c)(1); and 13 Standard Pennsylvania Practice 2d, § 76:15 which provides:

A stay order is effective the moment it is signed, there is no requirement that a court order be served on anybody to give it life; absent any conditional language to the contrary, a stay order "lives" and is effective immediately.

proceedings were stayed. *See Moore v. Quigley*, 402 Pa. 636, 168 A.2d 334 (1961). "[T]he remedy where a judgment is improperly entered is by motion to strike off the judgment." *Gitt v. Myers*, 273 Pa.Super. 310, 318, 417 A.2d 664, 668 (1979). As such, we are constrained to reverse the order of the hearing court and direct that the default judgment entered against Lawrence Klutse be stricken.[3]

Order reversed. Case remanded. Jurisdiction is relinquished.

---

3. We express no opinion on the efficacy of the default judgment entered against the wife of appellant.