BERNARD FINKEL AND SAMUEL FINKEL, PARTNERS, TRADING AS B. FINKEL & SON, PROSECUTORS, v. DISTRICT COURT FOR THE FIRST JUDICIAL DISTRICT OF THE COUNTY OF UNION AND JOHN G. ROBERTS, RESPONDENTS.

Argued June 7, 1941—Decided July 24, 1941.

Before Justice CASE, sitting as a single justice pursuant to the statute.

For the prosecutors, *Sidney Finkel.*

For the respondents, *Victor H. Eichhorn.*

CASE, J.   The writ of *certiorari* brings up an order made by the judge of the District Court of the First Judicial District of the County of Union on April 23d, 1941, directing that a judgment entered in that court on January 11th, 1941, in behalf of Bernard Finkel and Samuel Finkel, partners, &c., as B. Finkel & Son against John G. Roberts be opened to let in the just and meritorious defenses of the defendant Roberts and that a trial thereon be had on a day fixed.   The order was made pursuant to a rule to show cause allowed April 2d, 1941.   An earlier rule of like import had been allowed to Roberts on February 26th, 1941, and dismissed by the court on March 19th, 1941, for the stated reason that the court, under *R. S.* 2:32-121, had no power to open the judgment.

There were two defendants to the original suit, namely, John P. Causebrook and John G. Roberts.   Roberts retained George M. Kagan, an attorney-at-law, to defend the suit in his behalf.   Kagan undertook to notify the clerk of the appearance, but the letter of notification by inadvertence stated that Kagan represented Causebrook (whom he did not represent), did not state that he represented Roberts, and further asked that information be given in advance of the actual trial day. The return day of the summons was January 8th, and Kagan, having received no notice that trial would then be had—and it was not a day for trial—did not attend.   Thereupon the record was marked "No appearance" as to Roberts, and several days later the clerk entered judgment against Roberts upon proof by affidavit as authorized by *R. S.* 2:32-90. Roberts appears to have a meritorious defense.   The second rule issued upon essentially the same grounds as the first.

The prosecutors of the writ present as their reason why the order of April 23d, 1941, should be reversed that the order of March 19th, 1941, was *res adjudicata* and that *R. S.* 2:32-121, providing that an application for a new trial, except for newly discovered evidence, shall be made within

thirty days after judgment, is conclusive against the judicial action under review.

In my opinion the prosecutors may not prevail on either ground. I regard the second application as a request, addressed, of course, to the court's discretion, to review the earlier refusal to grant relief. The principle of *res adjudicata* does not apply.

The case does not come within the purview of such decisions as *Rosner* v. *Cohn,* 81 *N. J. L.* 343, and *Levine* v. *Schwartz,* 86 *Id.* 476. Both of the cited cases were decided under a provision of law similar to *R. S.* 2:32-121, *supra,* but they turn upon other and different statutory provisions. In *Rosner* v. *Cohn* (the reasoning of which is followed in this respect in the Levine case) it was said:

"The suit was commenced on May 27th, 1910, and by twelve adjournments, continued to September 27th, 1910, when the record shows 'the plaintiff appeared, and the defendant not appearing, and no reason being assigned for absence, the cause was tried and determined at this time.' The plaintiff was sworn, a lease was offered and the evidence being closed, the court rendered judgment for the plaintiff. * * * The District Court Act has constituted a statutory court. The insistence is that this is not an application for a new trial. It is to be observed, however, under the one hundred and forty-sixth section, sub-division Trial, that there is no such thing as a judgment by default. That section provides: 'If the defendant does not appear * * * the court may proceed to hear and determine the case in the absence of such defendant and render judgment therein.' There must be a hearing and a determination, and under the decisions concerning the Justice's Court Act, which are numerous, it was held there must be a trial, and legal evidence of the plaintiff's claim produced. It was not a judgment by default. See 1 *Tidd Pr.* (*S. P.*) 562. The application then must be deemed an application for a new trial."

To like effect, *Flaherty* v. *Pack,* 73 *N. J. L.* 103. The 146th section of the old District Court Act has been retained almost intact as *R. S.* 2:32-89. But in 1913, after the Rosner

decision, the legislature enacted what we now have as *R. S.* 2:32-90 providing as follows:

"When the action is on contract and defendant does not appear as provided by section 2:32-89 of this title, the clerk may, on application made at any time after the return or adjourned day and accompanied by affidavits establishing plaintiff's claim or demand in the manner and to the extent required by sections 2:32-115 to 2:32-119 of this title, enter in the minutes of the court a rule for judgment by default, which shall have the force and effect of a judgment rendered by the court."

The new element injected by the 1913 supplement and the effect upon opening up judgments in the District Court was recognized in *Lutter* v. *Neubauer,* 100 *N. J. L.* 17, affirmed on the opinion below, 101 *Id.* 222. It will be seen, therefore, that there is now a permissible statutory procedure, followed in the instant case, whereby judgment is taken against a defaulting and non-appearing defendant without hearing or trial. There is now in the District Court such a thing as a judgment by default and that is precisely what we have in this case. So I think it may properly be said that the application to open the judgment was not an application for a new trial and would not come within the time limit of *R. S.* 2:32-121. See *Wardell* v. *Warshofsky,* 10 *N. J. Mis. R.* 519 (at *p.* 520). There are other situations in which the section relied upon by prosecutors has been held to be no bar to the power of a court to exercise in proper instances control over its judgments. *Thompson* v. *Powell Savory Corp.,* 124 *N. J. L.* 1, and cases there cited.

The case is eminently one in which the defendant should have his day in court if that may lawfully be given; and I think that it may.

The writ of *certiorari* will be dismissed, with costs.