Products Corporation of America, Appellant, *v.*
Madway Engineers and Constructors.

Argued June 16, 1967. Before ERVIN, P. J., WRIGHT,
WATKINS, MONTGOMERY, JACOBS, and SPAULDING, JJ.
(HOFFMAN, J., absent).

*John F. Solomon, Jr.,* with him *Henderson, Wetherill & O'Hey,* for appellant.

*Victor J. Roberts,* with him *Marvin Comisky, Philip C. Patterson,* and *High, Swartz, Roberts & Seidel,* and *Blank, Rudenko, Klaus & Rome,* for appellee.

OPINION BY JACOBS, J., September 15, 1967:

This is an appeal from the order of the court below striking a default judgment entered in favor of appellant, Products Corporation of America, against the appellee.

Appellant filed a complaint in assumpsit in Montgomery County seeking to recover $5,000 plus interest from appellee for materials allegedly furnished at Green Hill Apartments in said county. The complaint was properly endorsed and served on the appellee on December 7, 1966. Appellant caused a default judgment in its favor in the amount of $5,073.34 to be entered on December 28, 1966, for failure to file an answer within twenty days as authorized by Pa. R. C. P. No. 1037(b). On January 9, 1967 a stipulation of counsel for both parties was filed opening the judgment and letting appellee into a defense.

The present controversy arises as a result of a petition filed by appellee on February 3, 1967 asking the court below to strike the judgment. In that petition appellee asserted that the parties had intended that the opening of the judgment would remove any lien of the same from appellee's real estate and that unless the judgment was stricken it might be an inchoate lien

against real estate of appellee and jeopardize pending financial arrangements involving debts owed by appellee to two major banks and approximately seventy other creditors and could "result in losses to defendant (appellee) of real property and other assets with values in excess of $11,000,000.00." Appellant filed an answer to this petition denying the allegations. The appellee then ordered the cause for argument on petition and answer. After argument the court below struck off the judgment.[1]

No attack is made on the record or the validity of the judgment and it is regular on its face. Therefore, it cannot be stricken because judgments can be stricken only for irregularity or illegality. *Mountain City Savings and Loan Association of Hazleton v. Bell*, 413 Pa. 67, 197 A. 2d 608 (1963); *Williams v. Notopolos*, 247 Pa. 554, 93 A. 610 (1915); *Exler v. American Box Company*, 226 Pa. 384, 75 A. 661 (1910); *North & Co. v. Yorke*, 174 Pa. 349, 34 A. 620 (1896); *Kazanjian v. Cohen*, 175 Pa. Superior Ct. 195, 103 A. 2d 491 (1954). All appellee alleged was facts outside the record which were disputed by the appellant. At most, such allegations would support an appeal to the equitable side of the court to open the judgment. *Miller v. Michael Morris*, 361 Pa. 113, 63 A. 2d 44 (1949); *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938); *Pacific Lumber Co. v. Rodd*, 287 Pa. 454, 135 A. 122 (1926); *Rome S. & S. Station v. Finch*, 111 Pa. Superior Ct. 226, 169 A. 476 (1933).

Appellee argues that the court has the discretionary power to strike off a judgment for equitable reasons for exceptional circumstances. There appears to be some authority for the proposition that a court may strike, as well as open, a judgment of non pros. for

---

[1] The court below in its opinion filed pursuant to our Rule 46 concluded it had no power to strike the judgment.

equitable reasons, *Glass v. Farmers National Bank,* 364 Pa. 186, 70 A. 2d 356 (1950), *Hale v. Uhl,* 293 Pa. 454, 143 A. 115 (1928), but even this exception has been limited by the more recent case of *Cox v. Felice Perri & Sons,* 412 Pa. 415, 195 A. 2d 79 (1963), where, at page 417, the court said: "a motion to strike off a judgment of non pros, regular on its face, challenges only defects appearing on the face of the record. . . ." But here we are not concerned with a judgment of non pros. and we can find no authority which would support a rule allowing defendant to have a default judgment stricken for equitable reasons. Even assuming its allegations outside the record to be true, and there was no hearing nor admission which would warrant this assumption, appellee has received all the relief it is entitled to by virtue of the stipulation opening judgment.

The order of the court below is reversed and the judgment reinstated.