## (December 23, 1968.)

■ JUSTINE ROACH, Respondent, v. COUNTY OF ALBANY, Appellant.— AULISI, J. Reargument of appeal from an order of the Supreme Court at Special Term, entered December 28, 1967 in Albany County, which denied defendant's motion to set aside a default judgment (see 30 A D 2d 885). We ordered reargument (30 A D 2d 1016) to consider the contention advanced by the defendant upon the motion for reargument that our prior decision (30 A D 2d 885) was not consistent with the basic relief sought by the plaintiff in this action, particularly in view of an alleged admission claimed by defendant to have been made by the plaintiff of the existence of the tax lien and her offer to pay the same, together with penalties and interest. Nowhere in the voluminous pleadings and affidavits do we find an admission by the plaintiff of the validity of the assessment and levy or of her legal obligation to pay the taxes allegedly due. Each suggestion that plaintiff pay the taxes, penalties and interest allegedly due was conditioned upon defendant's vacating the tax judgment and deed. Such an offer to compromise cannot, under the authorities, be considered or deemed an admission of liability on the plaintiff's part. Throughout this litigation plaintiff has consistently maintained that the assessment and levy were illegal and void for the reasons pleaded and has made demand for an adjudication and declaration by the court to that effect in her various amended complaints. Our prior decision was in no way inconsistent with the basic relief sought by the plaintiff and we adhere to our original determination. On reargument, the court adheres to its original decision. Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J. Gibson, P. J., concurs in the result in the following memorandum, in which Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur. GIBSON, P. J. (concurring in result). I concur in the result and, indeed, agree that the record discloses no commitment to pay the taxes, interest and penalties as a condition of the cancellation of the tax deed. The bestowal of a windfall in favor of a delinquent taxpayer in the

amount of those items and at the expense of all other taxpayers is difficult to justify, even in the light of the tactics followed in resisting the trial and determination of plaintiff's claim; but defendant has yet to disclose its defense and this appeal " cannot be used to obtain review on the merits of the underlying default judgment" (7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5511.10, p. 55–65) ; and defendant's remedy is to renew its motion at Special Term, this time on sufficient papers (see *White* v. *Sebring*, 228 App. Div. 413; and cf. *New York Business Development Corp.* v. *Gilbert's Hotel*, 26 A D 2d 791).