### Klein, Appellant, *v.* Ginter.

Argued November 15, 1972. Before WRIGHT, P. J., JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ. (WATKINS, J., absent).

*Stewart B. Barmen,* with him *Sheinberg, Raphael & Sheinberg,* for appellant.

*James Ashton,* for appellees.

OPINION BY JACOBS, J., December 11, 1972:

On June 10, 1971, appellant took a default judgment against appellees for failure to enter an appearance or file an answer to a complaint in assumpsit. After execution was issued the appellees filed a petition entitled: "Petition To Stay Execution And For Rule To Show Cause Why Judgment Should Not Be Stricken." The court below, on September 9, 1971, stayed the execution and granted a rule to show cause why the judgment should not be opened. The petition contained numerous allegations of fact outside the record as excuses for failure to file an answer and as a defense to the action. To this petition an answer was filed. No depositions were taken and the petition and answer

were argued before the lower court. On February 23, 1972, the lower court entered an order striking the judgment. No opinion has been filed in support of this order.

The judgment is regular on its face. Appellees' petition contains no allegations of irregularity or defects appearing in the record or on the face of the judgment. Absent such defects or irregularity it was improper to strike the judgment in this case. *Products Corp. of Am. v. Madway Eng. & Con.*, 210 Pa. Superior Ct. 498, 233 A.2d 630 (1967).

Since the court below originally granted a rule to show cause why the judgment should not be opened, it is possible that it was that court's intention to open rather than strike. For that reason our order in this case is filed without prejudice to the right of the lower court to determine whether or not the judgment should be opened.

The order of the court below is reversed and the judgment reinstated.