Wesley H. SHELDON et al., Appellees,

v.

Ronald MOYER et al., Appellants,

v.

Dorothy SONNER, Appellee.

No. 55190.

Supreme Court of Iowa.

Oct. 17, 1973.

Raymond E. Pogge, Council Bluffs, for appellants.

Howard Wenger, Hamburg, for appellees Wesley H. Sheldon and others.

Robert F. Leonard, Sidney, for appellee Dorothy Sonner.

Heard before MOORE, C. J., and REES, REYNOLDSON, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Defendants appeal trial court's decree quieting title to about 1400 acres of Missouri River bottomland in plaintiffs and intervenor. We affirm.

The land is located adjacent to the present east bank of the Missouri River in an area called Copeland's Bend in Fremont County. It has acquired value as farmland because the United States Corps of Engineers commencing in 1934 built and maintained dikes and dams sufficient to divert the wandering waters of the river into a channel to the west.

In their petition, plaintiffs asserted record title and title by adverse possession in the land involved. Defendants denied

plaintiffs' title, and defendant Kenneth E. Wurtele by counterclaim asserted he held title to a substantial part of the land. Intervenor asserted she had title to part of the land claimed by the other parties and asked it be quieted in her. Trial court's decree quieted title in plaintiffs except to the parcel claimed by intervenor, whose title was quieted in it. Only defendants appeal.

Some recital of the evidence is necessary. Record title to the land in dispute runs from the United States government to plaintiffs and intervenor in accordance with their interests as found in trial court's decree. The land was divided into five parts in an engineering survey used at trial to show plaintiffs' claims. Wesley H. Sheldon, Coleman W. Sheldon, Helen Mann, Grace Zach, Janet Freeman, and Betty Sheldon hold record title to tracts labeled A and B in the survey exhibit, subject to a life estate in Mamie E. Sheldon. Wesley H. Sheldon and Coleman W. Sheldon hold record title to tract C outlined in the survey, except for a portion of it to which intervenor holds record title. Maxine B. Sheldon, as executor of the estate of Mark W. Sheldon, holds record title to tract D in the survey. Vantine A. James, John W. James, and Ethel Fey hold record title to tract E.

Defendant Kenneth E. Wurtele asserts title to all the land except tract A. His claim rests on a quitclaim deed to land of uncertain description received from the American Legion Club of Nebraska City, Nebraska, in 1954. The legion club had obtained a quitclaim conveyance using the same description from one Jay Nicolls and wife, Belle, in 1936. Nicolls was a squatter on some of the land in the late 1920's and early 1930's. Although the legion attempted to grow potatoes on part of the land in the late 1930's defendant Wurtele has never had possession, did not assert any right in it until about 1967, and does not claim title by adverse possession.

Plaintiffs and intervenor have had possession of the land in which they assert their respective ownership rights. Vantine A. James originally took possession of an area roughly corresponding to tract E under color of a quitclaim deed originating with Jay Nicolls in 1936. He cleared and farmed the land starting the following year and has had possession under claim of title ever since. In 1953 he, John James, and Wilbur Fey (predecessor in interest of Ethel Fey), entered an agreement with the other plaintiffs in this litigation who claimed record title to tract E. In it they settled their differences and record title to tract E was later conveyed to Vantine A. James, John W. James, and Ethel Fey.

The record owners started clearing tracts B, C, and D in about 1951. They have had crops on the cleared portions of the land since shortly afterward. They pastured cattle on the land in 1929 or the early 1930's and have pastured cattle in the entire area, except tract E, since the early 1960's. They have paid taxes on the land for more than ten years. They also controlled the access routes and in 1968 barred defendants from entry.

Much of the record in this case is devoted to testimony bearing on whether the disputed land formed through accretion to an island in the river, putting ownership in the state, or by accretion to the east high bank of the river, putting ownership in plaintiffs and intervenor as riparian owners. See Mather v. State, 200 N.W.2d 498 (Iowa 1972), and citations. Defendants' evidence tended to support the former theory and plaintiffs' and intervenor's the latter. For reasons hereafter discussed we do not believe this case is controlled by the law of accretion.

Defendants allege 31 propositions for reversal. They actually raise four decisive issues: (1) may the rights of the state be urged defensively in this case? (2) did trial court err in holding plaintiffs and intervenor proved their right to have their titles quieted against defendants? (3) should trial court have granted defendants' petition under rule 252, Rules of Civil Pro-

cedure, to vacate the decree and grant a new trial? and (4) did trial court err in rejecting defendant Kenneth E. Wurtele's counterclaim? Our review in this equity case is de novo.

■ I. Plaintiffs and intervenor possess the land under record title. Defendants seek to nullify the significance of their record title by urging the land was an island until joined to the former east high bank of the river by accretion subsequent to 1935. In so doing they are attempting to defeat plaintiffs' and intervenor's claims against them by asserting paramount title in a third party, here the state.

■ It has long been held that "[a] bill to quiet title may not be defeated by showing that the plaintiff's interest, otherwise sufficient to support the bill, is subject to possibly superior rights in third persons not parties to the suit. * * * It is enough that the interest asserted by the plaintiff in possession of land is superior to that of those who are parties defendant." United States v. Oregon, 295 U.S. 1, 24–25, 55 S.Ct. 610, 619–620, 79 L.Ed. 1267, 1279 (1934); see Federal Sav. & Loan Ins. Corp. v. Hatton, 156 Kan. 673, 678, 135 P. 2d 559, 563 (1943); 65 Am.Jur.2d Quieting Title § 45; 74 C.J.S. Quieting Title § 42c.

■ Plaintiffs and intervenor are required to recover on the strength of their own titles rather than the weakness of defendants', but they need only show titles good against defendants, not the whole world. Atkin v. Westfall, 246 Iowa 822, 825–826, 69 N.W.2d 523, 525 (1955), and citations. We do not intimate what the result should be in a contest over the land between plaintiffs and intervenor on one side and the state on the other; that is not the present contest.

We hold defendants cannot defensively urge title in the state in this case.

■ II. Trial court found plaintiffs Vantine A. James, John W. James, and Ethel Fey were entitled to have title to tract E quieted in them on the basis of adverse possession. Title was quieted in plaintiffs and intervenor to the other tracts in accordance with their respective ownership claims on alternative bases of record title and adverse possession. Defendants rely on their contention concerning title in the state to defeat the showing of record title and, in part, to defeat the alternative claims of title by adverse possession.

Since their defense to plaintiffs' and intervenor's claims of record title is without merit we do not reach the issue of adverse possession. The theory of adverse possession presupposes legal title is in another, but here that presupposition is inapplicable. Defendants' reliance on rights of the state is unavailing for reasons previously given. The titles of plaintiffs and intervenor are good against defendants.

We hold plaintiffs and intervenor proved their right as record titleholders in possession to have their titles quieted against defendants.

III. Defendants filed notice of appeal from trial court's decree on May 14, 1971. Subsequently, on April 18, 1972, they filed a petition to vacate the decree and grant a new trial pursuant to rule 252, R.C.P. The petition was later amended. It subsequently came on for trial and was denied in an order entered August 18, 1972. The record does not show any appeal was taken from that order.

■ In the absence of an appeal from the order determining the rule 252 petition, we are without power to review it. Schrader v. Sioux City, 167 N.W.2d 669 (Iowa 1969), and citations; rule 336, R.C. P.

We have no jurisdiction to review defendants' contention trial court erred in denying their rule 252 petition.

IV. Our conclusion trial court was right in quieting title in plaintiffs and intervenor against defendants is dispositive of defendant Kenneth E. Wurtele's asser-

tion trial court erred in rejecting his counterclaim.

We find no reversible error.

Affirmed.