Goldenberg et al., Appellants, *v.* Holiday Inns of America, Inc.

Argued December 6, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, CERCONE, and SPAETH, JJ. (HOFFMAN and SPAULDING, JJ., absent).

*Allen L. Feingold,* for appellants.

*Frank Rogers Donahue, Jr.,* with him *William J. Ryan, Jr.,* for appellee.

OPINION BY SPAETH, J., April 3, 1974:

This is an appeal from an order striking a default judgment. We reverse and remand for consideration of appellee's motion to open the judgment.

Appellants were injured while they were guests at the Holiday Inn in Acapulco, Mexico. They brought suit in Philadelphia, and the sheriff's return indicates that their complaint was served there on the manager of the Holiday Inn at 1311 Walnut Street, naming appellee as the defendant. When no entry of appearance was filed for appellee, judgment was entered in favor of appellants. A notice of arbitration to assess damages was mailed to appellee at the Walnut Street address. Again no one appeared for appellee and an award was entered in favor of appellants. When appellants proceeded to levy on the award, appellee filed a motion to strike and a motion to open the judgment. The court below granted the motion to strike and thus took no action on the motion to open.

A motion to strike a judgment will not be granted except for a defect on the face of the record. *Malakoff v. Zambar, Inc.,* 446 Pa. 503, 506, 288 A. 2d 819, 821 (1972) ; *Products Corp. of America v. Madway Engineers and Constructors,* 210 Pa. Superior Ct. 498, 500, 233 A. 2d 630, 631 (1967) (collecting authority). The record contains a complaint, a sheriff's return of service, and the entry of a default judgment. There is no defect on the face of the record, nor is any even alleged.

What is alleged, and what the Memorandum Opinion by the court below relies on, is lack of jurisdiction over appellee. Stated generally, the allegations are that Holiday Inns of America, Inc. (or as it is now named,

Holiday Inns, Inc.), has headquarters in Tennessee, and that because it owns none of the stock in the corporation that owns the Holiday Inn at 1311 Walnut Street and only 20% of the stock in the corporation that owns the Holiday Inn in Acapulco, it is merely a franchisor, and service at 1311 Walnut Street did not confer jurisdiction over it. Appellants' answer to the motion to strike alleged various correspondence, agreements, and practices manifesting "a closely knit organization between all the Holiday Inns no matter where they are situated."

Appellee's allegations constitute a defense properly raised after an appearance and by preliminary objections, Pa. R. C. P. 1012, 1017(b)(1), 1041, and thus are irrelevant to a motion to strike. As this court has stated in a similar situation: "All appellee alleged was facts outside the record which were disputed by the appellant. At most, such allegations would support an appeal to the equitable side of the court to open the judgment. [Citations omitted.]" *Products Corporation of America v. Madway Engineers and Constructors, supra* at 500, 233 A. 2d at 632.

The order of the court below is reversed and the case remanded for consideration of appellee's motion to open the judgment.