361 A.2d 410
Rose FLECK
v.
John McHUGH et al.

Appeal of Martin CABRY.

Superior Court of Pennsylvania.
June 28, 1976.

Kalvin Kahn, Philadelphia, for appellant.

Ronald Jay Bayer, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in denying his motion to strike a default judgment.

On January 4, 1974, appellee, plaintiff below, filed a complaint in trespass, naming John McHugh, Ruth Mc-

Hugh, Mary McHugh Cabry, individually and as administratrix of the Estate of Mary McHugh, Martin Cabry, and Nora Wilson, as defendants.[1] On February 1, 1974, Eugene J. Maier, Esquire, filed preliminary objections on behalf of the defendants which challenged the service of process and raised the defense of nonjoinder of a necessary party. See Rule 1017(b)(1) and (5), Pa.R.C.P. On June 28, 1974, appellee filed a motion to strike the preliminary objections on the ground that defendants had failed to file the objections "with the Motions Court so as to have same listed for hearing." The defendants did not contest the motion to strike, and it was granted by the lower court on July 11, 1974. In its order, the court also directed "that Defendants shall file an answer to Plaintiff's complaint within twenty (20) days."[2] On August 13, 1974, no answer having been filed, appellee caused the Prothonotary to enter a default judgment against defendants.

On October 11, 1974, defendant-appellant, Martin Cabry, filed a petition to open the default judgment, alleging that the complaint did not contain a notice to plead, and that the Estate of Mary McHugh had been improperly served. The lower court denied the petition on November 2, 1974.[3] On March 5, 1975, attorney Maier withdrew his appearance for the defendants; on May 9, 1975, Ernest Jones, Esquire, entered an appearance. On May

1. According to appellee's brief, a complaint was filed on the underlying cause of action on May 8, 1972, naming John McHugh and Mary McHugh as defendants. A default judgment was obtained, and damages were assessed on June 20, 1973, in the amount of $5,500. Prior to execution, however, defendants' attorney advised appellee that Mary McHugh had died prior to May 8, 1972. Consequently, appellee instituted the instant suit.

2. This portion of the order was erroneous. See Rule 1045(a), and discussion, infra.

3. Because no appeal was taken from the order denying the petition to open, we do not have an opinion from the lower court. However, the petition may have been denied because it was not filed until almost two months after the entry of the judgment, and, therefore, may have been considered untimely.

17, 1975, appellant filed a motion to strike the default judgment, alleging that the Rules of Civil Procedure prohibited the entry of the judgment against him. The lower court denied the motion to strike on June 6, 1975; this appeal followed.

It is well-settled that a motion to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. If the record is self-sustaining, the judgment cannot be stricken. See e. g., *Malakoff v. Zambar, Inc.*, 446 Pa. 503, 288 A.2d 819 (1972); *Cameron v. Great Atlantic & Pacific Tea Co., Inc.*, 439 Pa. 374, 266 A.2d 715 (1970); *Linett v. Linett*, 434 Pa. 441, 254 A.2d 7 (1969); *Washington County Controller's Case*, 427 Pa. 631, 235 A.2d 592 (1967); *Franklin Interiors, Inc. v. Browns Lane, Inc.*, 227 Pa.Super. 252, 319 A.2d 682 (1974); *Goldenberg v. Holiday Inns of America, Inc.*, 227 Pa.Super. 250, 323 A.2d 176 (1974). In the instant case, appellant contends that the Prothonotary lacked the authority to enter the default judgment under Rule 1047(a).

The procedural rules governing actions in trespass differ from those governing actions in assumpsit. For assumpsit actions Rule 1037(b) provides that "[t]he prothonotary, on praecipe of the plaintiff, shall enter judgment against the defendant for *failure to* file within the required time an answer to a complaint . . ." (Emphasis added). In an assumpsit action, therefore, the defendant subjects himself to the possibility of a default judgment if he fails to file a written answer. This is not the case with actions in trespass. Rule 1045(a) provides that "[a] party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. *All other averments shall be*

312

*deemed to be denied."* (Emphasis added). Thus a defendant in a trespass action is not required to file an answer. The lower court's order of July 11, 1974, which directed the defendants to file a responsive pleading within twenty days was, therefore, unauthorized. Because an answer is not required, the rules prohibit the entry of a default judgment in a trespass action on that basis alone. Rule 1047(a) provides that a default judgment may be entered if the defendant has "neither pleaded to the complaint *nor appeared at any time in the action. . . ."* (Emphasis added). An entry of appearance, therefore, bars a default judgment. Appellant contends that because he had previously entered an appearance, the default judgment was improperly entered.

In its opinion, the lower court stated: ". . . defendant, in fact, only filed Preliminary Objections in the nature of a demurrer which were consequently stricken before the entry of the judgment. Logically, Preliminary Objections in the nature of a demurrer that are stricken . . . have the same effect as if no Preliminary Objections were filed. Moreover, defendant does not make a general appearance by filing Preliminary Objections, since it can be said that he is appearing specially, challenging the jurisdiction of the Court rather than submitting to it." Thus, the lower court denied the motion to strike because it concluded that appellant had never entered an appearance. Alternatively, the court apparently held that if preliminary objections which are subsequently dismissed do constitute an appearance, they do not constitute a "general appearance" for the purpose of preventing the entry of a default judgment. The propriety of these rulings depends upon an analysis of the concept of "entry of appearance" and the function it serves under the Rules of Civil Procedure.

Rule 1012 provides: "A party may enter a written appearance which *shall state an address within the Commonwealth at which papers may be served.* Such

appearance shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue. Written notice of entry of an appearance shall be given forthwith to all parties." (Emphasis added). Rules 1012 and 1045 conform to the holding of *Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 208 A.2d 252 (1965). Under prior practice, the entry of a "general appearance" precluded a defendant from raising jurisdictional objections. Rule 1012 clearly abolishes that doctrine; under the present Rules, the exclusive method of raising a jurisdictional question is by preliminary objections pursuant to Rule 1017. "The [1965] amendments have a very narrow purpose, limited exclusively to the abolition of the rule that the filing of a piece of paper denominated an 'appearance' was, in law, a 'general appearance' with the legal consequences to a defendant which flow from a 'general appearance.' As the Supreme Court said in Monaco, the piece of paper denominated an 'appearance' does no more than designate an address in the county [now Commonwealth] where papers may be served; it serves no other function in assumpsit. In trespass it continues to serve the additional function in that it prevents a judgment by default." Goodrich-Amram, *Standard Pennsylvania Practice*, Rule 1045, Commentary on the 1965 Amendments, at 546 (1976 Supp.). The lower court's conclusion that appellant's preliminary objections constituted at most a "special appearance" is erroneous because that form of appearance no longer exists. See *Monaco v. Montgomery Cab Co.*, supra, 417 Pa. at 138, n. 1, 208 A.2d at 254, n. 1. Therefore, the court's order denying the motion to strike can be affirmed only if appellant in fact never "appeared at any time in the action." Rule 1047(a).

■ The lower court reasoned that because appellant's preliminary objections were dismissed, as opposed to denied, they were void *ab initio*. The court then concluded that appellant had not "appeared at any time in

the action." By denying the motion to strike, the court deprived appellant of his only opportunity to defend the underlying cause of action, solely because his original attorney neglected to file a piece of paper stating "Please enter my appearance on behalf of the defendants." Yet everything that could possibly be contained in an entry of appearance, the name and address of the attorney, was easily obtained from the preliminary objections: the docket entries have the caption "Eugene Edw. J. Maier, atty. for defts." alongside the entry noting the filing of the preliminary objections. To hold that appellant never "appeared at any time in the action" because of the negligence of his attorney in failing to pursue the preliminary objections would be an unwarranted elevation of form over substance. The prosecution of appellee's claim was not hindered by the failure of counsel to file a virtually meaningless slip of paper. The Rules of Civil Procedure allow a plaintiff in a trespass action to obtain a default judgment when it is apparent that the defendant will make no attempt to contest the merits, i. e., when the defendant does nothing. The filing of the preliminary objections indicates that appellant did wish to contest the action, especially in light of the demise of the doctrine of "special appearance." Under Rule 1047(a), therefore the Prothonotary was without authority to enter the judgment. The motion to strike should not have been denied on the basis that appellant had never entered an appearance.

The lower court's opinion contains an additional theory on which the motion was denied. The court held that the "sequence of proceedings is improper and therefore unacceptable." The court cited *Grezwich v. Green*, 162 Pa.Super. 139, 144, 56 A.2d 308, 310 (1948), in support of this proposition: ". . . when the defendants . . . moved to open the judgment before moving to strike it off, they must be held to have waived all mere formal defects in the writ, and the manner of

service and to have submitted to the jurisdiction of the court." (citations omitted). *See also Wilson v. Northern Insurance Company*, 211 Pa.Super. 155, 235 A.2d 458 (1967). The rule of law that a defendant waives jurisdictional objection by filing a petition to open a judgment has no applicability to appellant's motion to strike. In the motion to strike, appellant did not seek to contest the adequacy of the service of process or the court's personal jurisdiction. Rather, appellant alleged that the default judgment was improper because an appearance had been entered. It would have been preferable for appellant to have filed a motion to strike immediately after the entry of the default judgment, either alone or in conjunction with a petition to open, but a motion to strike cannot be dismissed because of laches or estoppel: "Defendant urges that the lapse of four or five years since the judgment was entered, without action by plaintiff, amounts to laches which now estop plaintiff from attacking the judgment; but this cannot be for defendant never had a valid judgment since the prothonotary had no power to enter it; it was a nullity and without legal effect. Hence, the passage of time, however great, does not enter into a consideration of its validity." *Haverford Township School District v. Herzog*, 314 Pa. 161, 164, 171 A. 455, 457 (1934). *See also Funds for Business Growth, Inc. v. Maraldo*, 443 Pa. 281, 288 n. 2, 278 A.2d 922, 925, n. 2 (1971); *Sharp v. Valley Forge Medical Center and Heart Hospital, Inc.*, 422 Pa. 124, 127–128, 221 A.2d 185, 187 (1966); *Galli's Estate*, 340 Pa. 561, 570, 17 A.2d 899, 903 (1941).

Order reversed.

Price, J., dissents.