407 A.2d 881

**William F. ADLER**

v.

**Thomas HUDDLESTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided July 18, 1979.

David M. Neuhart, Pittsburgh, for appellant.

Gary P. Hunt, Pittsburgh, for appellee.

Before PRICE, VAN der VOORT and WATKINS, JJ.

VAN der VOORT, Judge:

Appeal is taken from judgment entered by Order of the lower Court dated July 13, 1977. The record shows that plaintiff below filed a complaint in trespass on February 5, 1975. No answer or appearance forthcoming from defendant, plaintiff obtained a default judgment. Thereupon, plaintiff was notified that the Pennsylvania Insurance Guaranty Association had assumed the obligations of defendant's insurer, dissolved since 1974. Counsel for the Association undertook representation of the defendant, and through their counsel both parties agreed to the opening of said default judgment. An order so providing was issued by the lower court on April 17, 1975, defendant being given 20 days "to appear and answer." Beyond the time mandated, (On July 9, 1975) counsel for defendant entered an appearance. Apparently discussions ensued regarding amicable settlement and continued until July of 1976. Nothing further transpiring between the parties' counsel, and the case not being placed at issue, in July of 1977 plaintiff petitioned to vacate the opening of judgment and to reinstate judgment. After argument, the lower court granted this petition, noting in its opinion that defendant had failed to appear and

answer within the time allowed.[1] The judgment as reinstated is presently appealed.

The "Pennsylvania Insurance Guaranty Association" was legislatively created to have as its members every insurer doing business in Pennsylvania, the purpose being to cover claims presented to insolvent insurance companies, "to avoid excessive delay in the payment of such claims", and *inter alia* to "be deemed the insurer to the extent of its obligation on the covered claims and to such extent . . . have all rights, duties, and obligations of the insolvent insurer as if that insurer had not become insolvent." Act of 1970, Nov. 25, P.L. 716, No. 232, 40 P.S. §§ 1701.101 *et seq.*, quoted matter from §§ 1701.102 and 1701.201(b)(1)(ii). Section 602(b) of the "Act" (40 P.S. § 1701.602(b)) states:

> As to any covered claims from a judgment . . . based on the default of the insolvent insurer or its failure to defend an insured, the association . . . may apply to have such judgment, . . . set aside by the same court that made such judgment, . . . and shall be permitted to defend against such claim on the merits.

Appellant argues that the lower court, in vacating its prior order opening judgment and reinstating judgment, contravened the statute and thus has erred. The reasoning is that once the association, in the applicable situation, decides to apply for an opening of judgment, the hearing court must provide the means for the association to defend on the merits. We disagree. After creating the association and establishing its purposes, the "Act" provides certain means to protect those formerly insured by now-insolvent companies, as well as means to guard against spurious claims. In the event the association is faced with a default judgment, presumably obtained before it clarified its status in the certain case, § 602 allows that it may apply for opening said judgment. Once having applied for the opening of a judgment, the association shall be permitted to carry on a defense on the merits. It is law of longstanding that a court may impose just terms or conditions upon the

1. Opinion by HESTER, J., now of this Court.

opening of judgment. *Kelber v. Pittsburgh Plow Co.*, 146 Pa. 485, 23 A. 335 (1892). For failure to follow the court's directive, the order may be revoked. *Home Building v. Houlihan*, 373 Pa. 43, 95 A.2d 189 (1953). In the instant case, defendant did not appear either to answer the complaint or to file an appearance, which is a sufficient denial of averments in a trespass case, within the time allowed. Furthermore, the passage of so much time without resolution of the claim or movement of the case toward trial by its being placed at issue, points out dilatoriness on the part of the association as representative of the defense. Such conduct is contrary to the prompt resolution of covered claims. We find no error in the lower court's considered decision to revoke its prior order and to vacate the opening of judgment and reinstate the judgment. The "Act" in no way hinders or limits such discretion by the court.

As we have stated, an order may be entered vacating a previous one opening a judgment. There is no merit to appellant's second allegation that once a judgment is opened and the parties are free to pursue the case by way of normal civil proceedings, the judgment cannot be reinstated for cause.

Further appellant relies upon *Fleck v. McHugh*, 241 Pa.Super. 307, 361 A.2d 410 (1976), to argue that counsel's affixing his name as consenting to the opening of judgment was a sufficient entry of appearance to satisfy the mandate of the April 17, 1975, order, to which document said signature was placed. In *Fleck* we said that defense counsel's appearing to pursue preliminary objections was a sufficient appearance to constitute an answer of denial of the pleaded averments in trespass. We are not inclined to extend *Fleck* to the instant situation. Here on the very order instructing counsel "to appear and answer" is affixed his signature as attorney for defendant. The lower court certainly intended more action to be taken by the defense than reliance upon this signature, even though the minimum for answering a trespass complaint is the filing of an appearance. We consider, moreover, the dilatoriness of defendant in either

striking an agreeable settlement or in placing the case at issue to point up major differences between the instant situation and *Fleck.*

Lastly, appellant argues that by the time the judgment from which this appeal arises was obtained, there was on record his appearance (on July 9, 1975), and thus no default judgment could then have been entered. Appellant fails to recognize that the judgment given in the order of July 13, 1977, is a judgment by way of reinstatement of a default judgment properly obtained previously, and is not an original default judgment in itself. We find no merit to this argument.

Judgment affirmed.