**DAVENPORT BANK & TRUST COMPANY, Executor of the Estate of Ruth M. Simmons, Deceased, Appellant,**

v.

**CITY OF DAVENPORT, Iowa, Appellee.**

No. 66022.

Supreme Court of Iowa.

April 21, 1982.

superseding cause barring recovery against Dr. Cash.

Michael J. McCarthy of McCarthy & Hart, Davenport, for appellant.

Seymore M. Raben of Raben, Liebbe, Shinkle & Bremer, Davenport, for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McCORMICK, ALLBEE and McGIVERIN, JJ.

UHLENHOPP, Justice.

This case involves a challenge to the jurisdiction of the district court to set aside a default entry after having previously refused to do so.

Ruth M. Simmons was killed on January 29, 1979, when struck by a vehicle owned by the City of Davenport, Iowa, and operated by a city employee. Her executor alleges that the employee was negligent. The city alleges that Simmons was not in a crosswalk, was contributorily negligent, and created an emergency.

The executor negotiated with the city's insurer, and then began the instant damage action against the city by serving an original notice on the city clerk on April 20, 1979, and filing a petition on April 27, 1979.

The original notice did not reach the hands of the city attorney and he did not appear in the action. On May 24, 1979, at the executor's request, the district court clerk made this entry (after recitals of service and filing): "WHEREFORE, default is now adjudged and entered against the defendant(s) City of Davenport, Iowa."

On June 1, 1979, the executor moved the district court to "enter default judgment" and to "set a time and place on plaintiff's damage assessment" by jury. The court stated that the executor was entitled to judgment but did not actually render judgment, and it set a time for determination of damages by jury. Its "ORDER" of June 1, 1979, states "it is ORDERED that the defendant is in default for failing to move or plead as required by the Iowa Rules of Civil Procedure and the plaintiff is entitled to judgment. The amount of plaintiff's damages shall be determined by a jury upon a hearing at Davenport, Iowa, on the 9th day of August, 1979, at 9:00 o'clock A. M." On August 7, 1979, at the executor's request, the damage hearing was continued until further order.

In casual conversation between attorneys, the city learned of the lawsuit, and promptly entered an appearance on August 15, 1979. The same day the city also moved to set aside the default under rule 236 of the rules of civil procedure, attaching affidavits alleging its grounds to set aside and its defenses to the merits of the action. The court subsequently set the motion for hearing on September 17, 1979.

On September 12, 1979, the executor filed its resistance to the motion to set aside, and alleged several reasons. Its first reason was that the motion to set aside was not filed within sixty days "after the entry of the judgment," citing *Kreft v. Fisher Aviation, Inc.*, 264 N.W.2d 297 (Iowa 1978). Reliance on *Kreft* was not well taken. *Kreft* involved a default and also subsequent judgments for $135,000 in damages. In the present case no judgment had been rendered; two default entries had been made. This court has held that the sixty-day limitation in rule 236 does not apply to *default entries*. *Cogley v. Hy Vee Food Stores, Inc.*, 257 Iowa 1381, 1385, 137 N.W.2d 310, 312 (1965) ("A bare order of default standing alone does not attain the stature of a judgment. Such an order is not a final adjudication. It is here self-evident that the limitation period set forth in rule 236, Rules of Civil Procedure, does not apply to a mere order of default.". (Citations omitted.)). *Cogley* is in line with the wording of rule 236: "Such motion must be filed promptly after the discovery of the grounds thereof, but not more than sixty days after the entry of *the judgment.*" (Emphasis added.)

In any event, the city gained the impression that its motion was untimely and that, according to the executor's resistance, the appropriate course was "for relief pursuant to I.R.C.P. 252. . . ." It therefore withdrew the rule 236-motion and on October 4, 1979, filed in this same case a petition to set aside default under rule 252, supported by the previous affidavits and an additional one. After hearing, the district court overruled the petition.

On May 23, 1980, the city filed an application to reconsider, alleging a new ground, and on June 23, 1980, the executor filed a resistance alleging, *inter alia*, that the previous order overruling the petition to set aside was a final order and the city's only means of relief from that order was by appeal.

On December 9, 1980, after hearing, the district court set aside its order refusing to vacate the default and ordered the city to plead to the executor's original petition within twenty days, which the city did. The executor applied for permission to take an interlocutory appeal from this order, and we granted the application.

In its appeal the executor does not question the *ground* on which the district court set aside the previous order and permitted the city to have trial on the merits of the case. The executor rests its appeal on this basis: "The district court lacked jurisdiction to reconsider its ruling denying the defendant's petition to set aside default under rule 252, I.R.C.P."

■ I. Since judgment had not been rendered, the appropriate court paper for the city to file initially was the one it did file: a rule-236 motion. Rule 236 deals with "*a default* or the judgment thereon." (Emphasis added.) Under *Cogley*, the city could file such a motion directed to the default entry although sixty days had elapsed. Rule 252, on the other hand, deals with "*a final* judgment or order." (Emphasis added.) *Cogley* holds that a default entry is not a judgment. Moreover, a default is not a "final" order. An order is not final unless it is finally decisive of the case; otherwise it is interlocutory. *State ex rel. Parcel v. St. John*, 308 N.W.2d 8, 9 (Iowa 1981); *Johnson v. Iowa State Highway Comm.*, 257 Iowa 810, 812, 134 N.W.2d 916, 918 (1965); *In re Brooks' Estate*, 250 Iowa 662, 667, 95 N.W.2d 287, 290 (1959). This default entry was not finally decisive of the case; damages still had to be determined and then judgment had to be entered. Nor does the default entry involve a ruling under rule 86 of the rules of civil procedure. As to that situation, *see* Iowa R.App.P. 1(a);

Iowa R.Civ.P. 86; *Lerdall Construction Co., Inc. v. City of Ossian,* 318 N.W.2d 172 (Iowa 1982).

The executor is not in a position, however, to object to the name or form of the paper the city filed; the city filed it in response to the executor's own resistance. Moreover, the rule-252 petition filed contained substantially the same grounds and asked substantially the same relief from the default entry as the rule-236 motion. In these circumstances we deem the case to be an appropriate one in which to apply the principle that we judge court documents by their contents rather than their form. *Pedersen v. Pedersen,* 235 Iowa 708, 712, 17 N.W.2d 520, 522 (1945) ("Of course the name given it does not alone determine its character. We must look to its allegations."). We will treat the paper denominated a petition to set aside, therefore, as an appropriate vehicle for setting aside the default entry.

II. The district court entertained the petition to set aside but initially overruled it. The city contends that the court's order overruling the petition constituted a final adjudication which the city could only attack by appeal. The city did not appeal, but applied for reconsideration and asserted an additional ground to set aside the default entry.

The executor is correct that a decision denying a rule-252 petition to vacate a *final judgment or order* can ordinarily only be attacked by appeal; the decision itself is a final judgment. *Sheldon v. Moyer,* 210 N.W.2d 597, 599 (Iowa 1973). But that is not what we have here. The court did not refuse to set aside a final judgment or order but rather, a default entry. That order of refusal was not itself an appealable final judgment or order because it was not finally decisive of the case; the determination of damages and rendition of judgment remained. The city could have questioned the propriety of the order refusing to set aside the default entry by appeal, but only by appeal from a subsequent final judgment (absent, of course, special permission by this court). *Johnson v. Iowa State High-*

*way Comm.,* 257 Iowa 810, 812, 134 N.W.2d 916, 918 (1965) (definition of appealable final judgment or decision); *Harden v. Illinois Central R. R.,* 254 Iowa 426, 428, 118 N.W.2d 76, 77 (1962); *see Mercantile Banking Co. v. Hernandez,* 117 Cal.App. 510, 4 P.2d 277 (1931) (refusal to vacate order of default not appealable).

III. Since an order refusing to set aside a default entry is not itself appealable, does the district court retain authority to change the ruling on subsequent request so long as the court has jurisdiction of the case? Prior to the rules of civil procedure, this court held the district court did retain such authority. *Braverman v. Burns,* 207 Iowa 1382, 1383, 224 N.W. 596, 597 (1929) (oral request to be heard again). A few courts do hold that they lose jurisdiction of the issue when they rule on a motion to vacate a default; the ruling is res judicata and can only be challenged on subsequent appeal. *Marland Refining Co. v. Lewis,* 264 Ill.App. 163, 174 (1931); *Wilson-Harris v. Southwest Telephone Co.,* 193 Okla. 194, 197–98, 141 P.2d 986, 990 (1943) (order denying motion to vacate res judicata on grounds asserted in the motion and any others which could have been asserted); *but see Harjo v. Johnston,* 187 Okla. 561, 571–72, 104 P.2d 985, 995 (1940) (exception for fraud). A majority of courts, however, hold as in *Braverman* that a ruling on a motion to vacate a default is subject to subsequent challenge in the same court so long as the court has jurisdiction of the case. *See* 49 C.J.S. *Judgments* § 337, at 687 (1947) ("While the court retains jurisdiction of the cause, it may cancel a former order granting or overruling a motion to set aside or vacate a default judgment, if a sufficient reason exists for such action."); 46 Am.Jur.2d *Judgments* § 791 (1969). Decisions of this nature include *Swisshelm Gold Silver Co. v. Farwell,* 59 Ariz. 162, 165, 124 P.2d 544, 546 (1942); *Collister v. Inter-State Fidelity Building & Loan Assn.,* 44 Ariz. 427, 431, 38 P.2d 626, 628 (1934); *Rambush v. Rambush,* 267 Cal.App.2d 734, 740 n.3, 73 Cal.Rptr. 268, 272 n.3 (1968) (" 'The power of the court to resolve the conflicts was not ex-

hausted by its conclusions on the order of denial, but it had the power to re-examine the evidence and arrive at a different conclusion, if it thought the ends of justice would be best served thereby. Unless an abuse of discretion was committed, the final order of the court should be permitted to stand.'"); *Hover v. MacKenzie*, 122 Cal. App.2d 852, 857, 266 P.2d 60, 63 (1954) ("There is no impropriety or error in a judge reversing himself if he later concludes he was wrong the first time. He would stultify himself if he did otherwise.... The court had the power to make the orders appealed from."); *Finkel v. District Court for First Judicial District*, 127 N.J.L. 132, 134–35, 21 A.2d 306, 307 (1941); *Roach v. County of Albany*, 31 A.D.2d 681, 682, 295 N.Y.S.2d 791, 792 (1968); *Moore v. WOOW, Inc.*, 250 N.C. 695, 699–700, 110 S.E.2d 311, 315 (1959); *Adler v. Huddleston*, 268 Pa.Super. 163, 166, 407 A.2d 881, 883 (1979).

█ IV. We subscribe to the majority rule in the cited decisions. Numerous rulings of various kinds during the pendency of a case in district court are not final and appealable and may be changed in the progress of the case, even by a different presiding judge. The maxim is that no litigant has a vested right in an erroneous ruling. *See Cowman v. LaVine*, 234 N.W.2d 114, 124 (Iowa 1975); *In re Hutchinson's Estate*, 255 Iowa 94, 98, 121 N.W.2d 504, 506 (1963); *Kuiken v. Garrett*, 243 Iowa 785, 792–93, 51 N.W.2d 149, 154 (1952) ("It is our conclusion that Judge Vincent's ruling did not become the law of the case so as to preclude either himself or another judge of the same court from changing it before final judgment. The decision in each case was that of the Marion district court rather than of any individual judge thereof, and could be corrected by the court at any time before entry of final judgment. As Justice Weaver said, the defendants had no vested right to require the court to perpetuate its mistake."); *Richman v. Supervisors of Muscatine County*, 77 Iowa 513, 524, 42 N.W. 422, 426 (1889) ("We are not prepared to hold that if during the trial of the issues of an action a court becomes convinced of an error he may not correct it. It would be a serious impediment to a fair and speedy disposition of causes if such a rule was to obtain.").

In addition, the rationale of our *Cogley* decision is in line with the majority position, in holding that a bare default does not possess the stature of a judgment, is not a final adjudication, and does not come within the sixty-day limitation of rule 236.

█ The district court did not lose jurisdiction of the case itself. It had jurisdiction to fix the damages and enter judgment. The district court therefore had jurisdiction to change its ruling regarding, and to set aside, the default.

AFFIRMED.