J-A08029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JAMES DUFFY AND KATHLEEN DUFFY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| BRIAN DEMPSEY, THERESA DEMPSEY AND 850 WCP, LLC | |
| Appellees | No. 1942 EDA 2016 |

Appeal from the Orders Entered  April 18, 2016 and May 18, 2016
In the Court of Common Pleas of Delaware County[1]
Civil Division at No(s): 2015-003629

BEFORE:  PANELLA, J., LAZARUS, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LAZARUS, J.:                   **FILED MARCH 29, 2017**

James Duffy and Kathleen Duffy (Plaintiffs) appeal from the orders dated April 18, 2016 and May 18, 2016.  We vacate and remand.

This matter arises out of Plaintiffs' April 22, 2015 confession of judgment action against Defendants/Appellees for their alleged default under a judgment note.  On April 18, 2016, the trial court entered an order allowing Plaintiffs' counsel to withdraw and giving Plaintiffs 30 days to obtain new counsel or enter their appearance *pro se*.  On May 18, 2016, after confirming no entry of appearance had been entered on Plaintiffs' behalf, the

_____

[1] Plaintiffs' notice of appeal, filed June 16, 2016, states that it is taken from "the orders, entered in this matter on April 18, 2016 and May 18, 2016."

[*] Former Justice specially assigned to the Superior Court.

trial court *sua sponte* dismissed Plaintiffs' case with prejudice. On June 15, 2016, Plaintiffs filed a motion for reconsideration of the court's May 18, 2016 order and a motion for acceptance of a contemporaneously filed entry of appearance *nunc pro tunc*. Both motions were denied. On June 16, 2016, Plaintiffs filed a notice of appeal from the April 18, 2016 and May 18, 2016 orders.

Two issues are presented: Was the appeal timely filed, and, if so, does the trial court have the authority to order a party to enter an appearance or face dismissal with prejudice?

The April 18, 2016 was not a final order; it did not dispose of all claims and of all parties. **See** Pa.R.A.P. 341. The May 18, 2016 order, dismissing the case with prejudice, was a final order, and it finalized the April 18, 2016 order. The Plaintiffs' notice of appeal was properly filed within 30 days of the May 18, 2016 order. "[G]iven the definition of finality in Rule 341, and the procedure reflected in rules governing the manner in which to appeal, **see** Pa.R.A.P. 902, 904, in the context of a single action, a notice of appeal filed from the entry of judgment will be viewed as drawing into question any prior non-final orders that produced the judgment." **K.H. v. J.R.**, 826 A.2d 863, 870-71 (Pa. 2003). **See Jones v. Faust**, 852 A.2d 1201, 1203 (Pa. Super. 2004) ("[T]he timeliness of appeals from collateral orders depends not upon entry of the order itself, but upon resolution of the collateral matter."). **Cf. Commonwealth v. Fulmore**, 25 A.3d 340 (Pa. Super. 2011)

(merger rule merges into a final judgment all prior non-final orders for purposes of appellate review).

With respect to the trial court's April 18, 2016 order, we find the court did not have the authority to order Plaintiffs to enter an appearance or risk dismissal. Rule 1012 states:

> A party may enter a written appearance, which shall state an address at which pleadings and other legal papers may be served in the manner provided by Rule 440(a)(1) and a telephone number. The appearance may also include a telephone facsimile number as provided in Rule 440(d). Such an appearance shall not constitute a waiver of the right to raise any defense including questions of jurisdiction or venue. Written notice of entry of an appearance shall be given forthwith to all parties.

Pa.R.C.P. 1012. Although Rule 1012 provides that an attorney "may" enter a written appearance, it does not require an attorney to do so. The official note following Rule 1012 specifically provides that "[e]ntry of a written appearance is not mandatory." Rule 1012(a), Note. Moreover, this Court has previously held that entry of a written appearance is not required if the pleadings provide sufficient information to notify parties where legal papers may be served. *See Fleck v. McHugh*, 361 A.2d 410, 413 (Pa. Super. 1976); *see also Monaco v. Montgomery Cab Co.*, 208 A.2d 252 (Pa. 1965) (filing of appearance may serve purpose of providing name and address within county where papers may be served). Here, Plaintiffs' address is included in the caption in the pleadings.

Orders vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/29/2017</u>